## Ross *v.* Chicago, M. & St. P. Ry. Co.

*(Circuit Court, D. Minnesota.   June 24, 1881.)*

1. Railroads—Conductors—Engineers—Fellow Servants.

    Conductors and engineers are not fellow servants, so far as regards the performance of the duty therein specified, under the following order: " Conductors must, in all cases, while running by telegraph or special orders, show the same to the engineer of their train before leaving stations where the orders are received.  The engineer must read and understand the order before leaving the station."

2. Same—Negligence of Co-Employe—Notice.

    A railroad company is liable to an employe who is injured by the negligence of a co-employe of whose negligent character it had been notified, provided the accident which occasioned the injury occurred before the expiration of a reasonable time for the company to take proper action in the premises after such notice had been given.

3. Reasonable Time.

    Four weeks would not be an unreasonable time under the circumstances of this case.

McCrary, C. J., (*charging jury.*)   It is your exclusive province to consider and decide all the disputed questions of fact which arise in this case.   It is the duty of the court, however, to instruct you concerning the questions of law which arise, and which ought to be understood by the jury in order that they may properly apply the facts to the case.

The plaintiff sues the defendant to recover damages for personal injuries which he has received, as he alleges, through the negligence of the defendant.   The controlling question in the case, then, is one of negligence.   The fundamental inquiry is whether the plaintiff has received his injury because of the negligence of the defendant, and without any negligence of his own.   Negligence is the want of ordinary care and prudence—such ordinary care and prudence as a man of common intelligence would exercise under the circumstances.

The defendant here is a corporation, and, in the nature of things, a corporation must always act by and through its agents and servants.   A corporation is an artificial thing—in law, it is a person; but it is not tangible, and has no visible existence that we can see and handle.   It acts by its officers and agents.   The question here is whether this corporation has been guilty of negligence by which the plaintiff has been injured.   The general rule is that a corporation is bound by the acts of its agents and servants, and is liable for their negligence in the performance of the duties which it imposes upon them.   That is the general rule, but to that general rule there is an

exception, which is as follows: If a corporation employs several agents as fellow servants in the same common employment, and one of those servants is injured by the neglect or wrong of another, the corporation is not liable, unless it be that the servant who is guilty of the wrong or negligence was employed by the company with knowledge that he was incompetent or negligent, or was continued in service by the company after notice of the fact that he was incompetent or negligent.

This brings us, gentlemen, to the first question in dispute in this case. It is alleged by the defendant here, as one of the grounds of defence, that the plaintiff was injured by the negligence of a fellow servant employed in the same common service with himself, and this makes it necessary for us to inquire what is meant in law by a fellow servant employed in the same common employment. It is very clear, I think, that if the company sees fit to place one of its employes under the control and direction of another, that then the two were not fellow servants engaged in the same common employment within the meaning of the rule of law of which I am speaking. It is conceded here that this plaintiff was an engineer upon a freight train at the time of the accident; that one McClintock was the conductor upon that train; and it is not seriously disputed that the accident was the result of the negligence of the conductor in failing to show to the engineer the order which he had received to stop the train at a station which I believe is called East Minneapolis. And, in order to determine this question, it will be necessary to refer to the general order of the company, which has an important bearing upon it, regulating the delivery of orders concerning the running of trains. It is averred in the petition, and is admitted by the answer, that at the time of this accident there was a general order in force, issued by this company, for the guidance of its employes in cases of this sort, which is as follows:

"Conductors must, in all cases, while running by telegraph or special orders, show the same to the engineer of their train before leaving stations where the orders are received. The engineer must read and understand the order before leaving the station."

By this general order, gentlemen, as I understand and construe it, the company made the engineer, in an important sense, subordinate to the conductor. By it the conductor was made the medium through whom and by whom the company communicated its orders touching the running of trains to the engineer. The company saw fit to make

him their agent and representative for this purpose, and to require plaintiff to receive its orders in this way. I am of the opinion that in respect to the duty of delivering or showing the running orders to the engineer the conductor was the superior of the engineer; that he stood in the place and stead of the company, and was, for that purpose, a vice-principal. It follows from this that if the accident complained of was the result of the negligence of the conductor in failing to deliver the running orders to the plaintiff on the night of the accident, the plaintiff must recover unless his own negligence caused or contributed to the injury. And upon that subject—of contributory negligence on the part of the plaintiff—I will speak presently. That is all, I think, that need be said to you upon that branch of the case.

If you find that the accident was caused by the failure of the conductor to deliver the order concerning the running of the train that night to the plaintiff, who was the engineer, and if you also find that plaintiff was injured, and that he did not contribute to his injury by any negligence of his own, then the law is that the defendant is liable. Because I hold that, under the order to which I have called your attention, the relation of superior and inferior was created by the company as between these two servants in the particular matter of the operation of its trains, and they were not, within the meaning of the law, fellow servants engaged in the same common employment.

But the plaintiff claims to recover upon another ground, and it will be your duty to pass upon that also. He claims that he is entitled to recover upon the ground that McClintock, the conductor, was a negligent and unfit person to be entrusted with the duties of a conductor; and that the defendant company had sufficient notice of that fact before the accident, and continued him in its service. This is denied by the defendant, and the issue thus joined, being one purely of fact, is for you to determine from all of the evidence before you.

When the plaintiff entered the service of the defendant he voluntarily assumed all the usual and ordinary risks belonging to the occupation in which he was about to engage; but the company also became obligated to use proper diligence in furnishing him with reasonably suitable and proper machinery with which to work, and also in the employment of fellow servants who should have ordinary fitness and competency for the performance of their duties. In other words, it was the duty of the company not to subject plaintiff to any extraordinary or unusual danger by employing, knowingly, other servants to operate the trains with him who are negligent or incompe-

tent. And it was also the duty of the company, if they ignorantly or without notice employed an incompetent or improper servant and afterwards became advised or had notice of the fact of his character for incompetency or negligence,—it was the duty of the company, under those circumstances, to discharge him. And if they continued such person in their service as conductor after notice, they became liable for any damage that the plaintiff may have sustained through the negligence of the conductor.

It was the duty of the plaintiff, however, when he became aware of the negligence of this conductor, to give notice to the company. If he knew it himself, and took no steps to communicate the fact to the company, gave them no warning about it, and they went on in ignorance of it, and continued him in their service, he cannot complain. Whether he gave notice to the company of the negligence of this conductor is a question of fact for you to decide upon the evidence. If it be true that he communicated the fact by letter to the master mechanic, and the master mechanic laid it before the assistant superintendent, who acted upon it so far as to institute an investigation concerning it, that was sufficient notice to the company.

I instruct you, further, that the company cannot protect itself from the consequences of the negligence of the conductor after notice of his negligent character by showing that they believed him to be competent and diligent, nor by showing that they instituted an investigation which resulted in his acquittal upon the charges of incompetency and negligence which were made against him. When the company was notified by another employe that this conductor was a negligent and incompetent official, it continued him at its own risk, notwithstanding the fact that he was incompetent. They were bound, in other words, by the fact, whatever the fact might be. They were put upon inquiry; and, as to the rights of their employes, they cannot shield themselves upon the ground that they did not believe in the truth of the charges that were made against him. So that, upon this branch of the case, gentlemen, you are simply to inquire—*First*, whether McClintock was in fact a negligent and unfit person to be entrusted with the duties of the conductor of the train; and, *second*, whether the company, under the rules that I have already indicated to you, had notice of the fact of his unfitness or his negligence before the time of this accident, and continued him in their service notwithstanding such notice. Upon this branch of the case I shall ask you to find specially by answering an interrogatory which I have prepared and will submit to you. I will ask you to say specially upon this branch

of the case whether McClintock was a negligent and unfit person, and whether the company had notice. It may be necessary, in view of possible further proceedings in this case, that we should have your finding upon that specific fact.

But it is insisted by the defendant that even though the company may be guilty of negligence, either by the act of the conductor in failing to deliver these running orders on the night in question, or that the conductor was known to be negligent, and their having continued him in service,—in other words, it is insisted that, although you may find for the plaintiff upon the question of the defendant's negligence, that yet the plaintiff cannot recover because he was also negligent, and his negligence contributed to the accident. Upon this subject, gentlemen, you have all the facts before you, and it is not expedient, even if it were proper, for me to comment upon the testimony. You will look into the testimony as it has been delivered to you, showing the conduct of the plaintiff on the night of the accident—the manner in which he ran the train. You will consider the question whether there is any proof tending to show, or sufficient to show, that he knew or had any reason to believe that the gravel train was on the track over which he was called upon to pass; whether there is anything to show that he was bound to stop at the station and wait for the gravel train without order, because it is conceded that the orders were not delivered to him by the conductor.

There is another branch of the case upon which it is earnestly contended by the defendant that the plaintiff has been shown to have been guilty of contributory negligence. It is said that he had notice of the negligence of this conductor McClintock; that for some time before this accident he confessedly knew that McClintock was a negligent and improper person to hold that position, and that, knowing that fact, he was negligent in continuing in the service of the company.

The law upon this subject, gentlemen, is that if one employe of a railroad company discovers that a co-employe of his is negligent or unskilful, it is his duty to give notice to the company, but it is not necessary that he should at once quit the service of the company. After having given notice he may continue in the service of the company for a reasonable time, in the expectation that the company will take proper action in the premises and discharge the unworthy and incompetent person. And if, within this reasonable time, after notice has been given, and before the objectionable person has been

discharged, the party is injured by the negligence of the person complained of, the company is liable. And I say to you that two or three or four weeks would not, in my judgment, be considered an unreasonable time in which, under all the circumstances, a party might delay for the action of the company, upon such complaint having been made.

I think of nothing further, gentlemen, except to call your attention to the question of damages in the event that you find a verdict for the plaintiff. You will take into consideration upon that subject, if your verdict is for the plaintiff, all the facts and circumstances which have been shown to you in the evidence. You will consider carefully the medical testimony and the testimony of the plaintiff, and all the testimony that there is before you touching the nature and the extent of the plaintiff's injuries, and the question as to their probable duration—as to whether they are temporary or permanent, their effect upon his ability to earn a living, to pursue his ordinary avocation since the accident and up to this time, and their probable effect upon his health and strength, and his ability to pursue his avocation or to earn a living in the future. You will consider the pain and suffering which have been the result of the accident and injury, and what is probable in the future. You will take into account his expenses for physician and medicines, if that has been established before you to your satisfaction; and, upon all the facts in the case, you will determine, as best you can, what would be a reasonable and fair compensation for the injuries of the plaintiff, and you will allow him that, and will not allow him what would be considered an unreasonable or excessive amount. It is for you to say, under the circumstances, what would be fair and just. Of course, it is very difficult to estimate things of this kind. The events of the future cannot be before told with certainty. All you can do, gentlemen, is to take all the facts that appear before you in this case, and reach the best result that you can upon that branch of it, in the event, of course, that you find upon the other questions that I have called to your attention in favor of the plaintiff.

If you find for the plaintiff, the form of your verdict will be as follows: Title of the cause. "We, the jury, find for the plaintiff, and assess his damages at ——— dollars;" to be signed by one of your number as foreman. If you find for the defendant, the form of your verdict will be as follows: "We, the jury, find for the defendant," and signed by the foreman. The jury will find specially upon the question of the negligent character of Conductor McClintock, and the notice thereof to the defendant; and, upon this subject, the form of your

verdict will be as follows: "We, the jury, have considered the following questions submitted by the court, to-wit: *First*, was McClintock, the conductor, a person of negligent habits and character? and we answer it ——," inserting either "yes" or "no," as you may decide; "*second*, if so, had the defendant notice of the negligent character of said conductor long enough before the accident to have discharged him prior thereto? and we answer ——," here insert "yes" or "no," and sign by the foreman.